IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STACY PAUL MASON, # 310263, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CASE NO. 2:21-CV-543-RAH-SMD |
| | ) (WO) |
| PATRICE RICHIE JONES, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the Court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Stacy Paul Mason, an Alabama inmate serving a 15-year sentence for sexual abuse of a child under the age of 12. Doc. 1. Mason argues he was denied due process in a prison disciplinary proceeding at the Bibb County Correctional Facility. For the reasons discussed below, the Magistrate Judge recommends that Mason's petition be DENIED and that this case be DISMISSED WITH PREJUDICE.

### I.  BACKGROUND

On June 15, 2018, at the Bibb County Correctional Facility, a disciplinary action was initiated against Mason for violating Rule No. 925, Failure to Obey a Direct Order. Doc. 1-1 at 1. Specifically, Mason was charged with failing to comply with a correctional officer's order to submit a urine sample for drug testing. Doc. 1-1 at 1; Doc. 5-3 at 2. Mason alleged he was unable to provide a urine sample because of a medical condition, "shy bladder syndrome." Doc. 1-1 at 1. A disciplinary hearing was conducted on July 6, 2018, and the hearing officer found Mason guilty of the charged infraction. Doc. 1-1 at 1–2. The

sanctions imposed on Mason for violating Rule No. 925 were loss of telephone, canteen, and visitation privileges for 60 days and placement in disciplinary segregation for 45 days. Doc. 1-1 at 2. Mason was not sanctioned with the loss of any good-time credit. *Id*.

Mason challenged the disciplinary action through two unsuccessful petitions for common law writ of certiorari filed in the Circuit Court of Montgomery County. Docs. 5-2, 5-4, 5-6, and 5-8. He appealed the circuit court's denial of the second of those petitions (Doc. 5-9), and on May 22, 2020, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the circuit court's judgment (Doc. 5-13). Mason applied for rehearing, which was overruled. Doc. 5-14; Doc. 5-17 at 2. He sought certiorari review in the Alabama Supreme Court, and that court denied his petition for writ of certiorari on October 16, 2020. Docs. 5-15 and 5-16.

Mason filed this § 2254 petition on or around August 13, 2021. Doc. 1. He argues that the State failed to afford him due process in his prison disciplinary proceeding, specifically by preventing him from presenting medical evidence of his shy bladder syndrome. Doc. 1 at 2-3. Mason seeks expungement of the disciplinary action from his prison file. Doc. 1 at 3.

## II.   DISCUSSION

The claim in Mason's § 2254 petition fails to raise any issue relating to personal liberty as required for a petitioner to raise a cognizable claim in a federal habeas petition. In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court held that discipline meted out to an incarcerated petitioner by prison officials that does not affect the duration of the sentence does not deprive the petitioner of any liberty interest protected by the Due Process

Clause. Mason was not sanctioned with the loss of any good time, and has not alleged that the discipline extended the duration of his confinement.[1] Because he was not entitled to any particular due process requirements mandated by the Fourteenth Amendment before being subjected to the disciplinary sanctions, he is not entitled to any federal habeas relief.[2] *See, e.g., Barnett v. Richie*, 2015 WL 4646894, at *3 (N.D. Ala. Aug. 5, 2015). Accordingly, his § 2254 petition is due to be denied.

## III.   CONCLUSION

The Magistrate Judge RECOMMENDS that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and that this case be DISMISSED WITH PREJUDICE.

---

[1] Where a liberty interest is implicated by the punishment meted out in a prison disciplinary proceeding—for instance, where the inmate is sanctioned with the loss of good-time credit—courts will examine whether a petitioner received due process in accordance with the requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974). In such prison disciplinary proceedings, due process requires written notice of the charges to the inmate, and a written statement by the factfinders as to the evidence relied upon and the reasons for any disciplinary action. *Id*. at 563. In addition, the inmate should be allowed to call witnesses and present documentary evidence when such measures will not be unduly hazardous to institutional safety or correctional goals; yet, due process does not require confrontation and cross-examination procedures, or a right to counsel. *Id*. at 563–67.

[2] In *Sandin*, the Supreme Court recognized only two instances in which a prisoner may claim a constitutionally protected liberty interest that implicates constitutional due process concerns: (1) when actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) where a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 483–84. The Court in *Sandin* specifically rejected the contention that any action taken by correctional officials as a punitive measure necessarily encroaches upon a liberty interest protected under the Due Process Clause. *Id*. at 484. "Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law." *Id*. at 485. Placement in a more restrictive dorm, the loss of privileges and referral for classification review "though concededly punitive, do[] not represent a dramatic departure from the basic conditions" of the sentence imposed upon the petitioner. *Id*. Placement in disciplinary segregation does not meet the *Sandin* standard of atypicality needed to show a deprivation of a protected liberty interest. *See Sandin*, 515 U.S. at 486–87; *Sealy v. Giltner*, 197 F.3d 578 (2d Cir. 1999).

It is further

ORDERED that the parties shall file any objections to this Recommendation by December 29, 2022. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 15th day of December, 2022.

   /s/ Stephen M. Doyle
STEPHEN M. DOYLE
CHIEF U.S. MAGISTRATE JUDGE